United States District Courts
Southern District of New York

12/20/2016

Rafael A. Jones,

    Plaintiff,

vs.

State of New York et al.,

    Defendants,

Case No# 1:16-CV-00556 (A.J.N.) (GWG)

Joinder of Claim
Rule 18 Fed. R. Civ. P.

Plaintiff-Petitioner Motion in Objection to Both the Defendants Attorney's Claim of Failure to State Cause of Action Citing § 28 U.S.C. § 2111 Harmless Error when it comes to Statutory Protections of our Fourth & Fifth Amendment Constitutional Protections

Wherefore Plaintiff-Petitioner states these mitigating Facts for these Honorable Courts;

#1) Dowling v. United States 493, U.S. 342, 352 (1990)
The Bill of Rights speaks in explicit terms to many aspects of criminal procedure, and the expansion of those Constitutional guarantees under the open-ended rubric of the "Due Process Clause", invites undue interference with both considered legislative judgements and a careful Balance that the Constitution strikes between liberty and order!

Page # (1) of 3

#2) SEE: Payne v. Arkansas, 356 U.S. 560 (1958) which states that Petitioner-Plaintiff are entitled to a trial "Free From the pressure of Unconstitutional Inferences."

#3) SEE: Daniel Meltzer Error and Constitutional Remedies, 61 U. Chi L. Rev. 1, (1994) Harmless Error Rule exists everywhere for all kinds of Errors.

(A). The Rule in this Context Balances the Desirability of Deterring Objectionable police Conduct against the undesirability of excluding Relevant and Reliable Evidence.

(B). The Resolution of The Fourth and Fifth Amendments Values with interest of judicial economy might well Dictate a Harmless Error Rule. ( no Constitutional Error).

#4) SEE: Fahy v. Connecticut, 375 U.S. 85 (1963). The question for these Honorable Court is whether my not stating Cause of Action on this Claim or my Evidence would Contribute to the Conviction." Id" 356 U.S. 560 (1958).

#5) SEE: Attached three page Court Order Index Number 530065-2016.

page (2) of 3

Respectfully Submitted
Rafael A. Jones

§ 28 U.S.C. § 1746

Certificate(s) of Service

I certificate that all statements on foregoing Documents is true to the Best of my Knowledge under the penalties of perjury this 20th day of December 2016.

*[signature]*

1765 Townsend Ave. Apt. 5H
Bronx, New York 10453
(646) 245-9580

PAGE # 3 OF 3

```
SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY : CIVIL TERM
-----------------------------------------
IN THE MATTER OF THE APPLICATION FOR           INDEX #
RELEASE BY RAFAEL JONES, FROM BELLEVUE         530065-2016
HOSPITAL CENTER, PURSUANT TO
MENTAL HYGIENE LAW 9.39
-----------------------------------------
```

## DECISION PORTION ONLY

JANUARY 19, 2016

BELLEVUE HOSPITAL
NEW YORK, NEW YORK

B E F O R E:

    HON. SHLOMO S. HAGLER, JUSTICE

A P P E A R A N C E S:

    NYC HEALTH & HOSPITAL CORPORATION
    Attorney for Bellevue Hospital
    BY:  DAVID BALTCH, ESQ.


    MENTAL HYGIENE LEGAL SERVICES
    Attorney for Respondent
    BY:  JILLIAN BECKER, ESQ.


                                          Vincent Viti
                                  Senior Court Reporter

*DECISION OF THE COURT*

THE COURT: After a hearing this Court makes its findings of facts and conclusions of law based upon clear and convincing evidence. I will repeat that the standard is clear and convincing evidence. As I indicated previously, it is important for the Court to hear the patient. I can generally detect the circumstances when I hear the patient. This patient testified intelligently, clearly, and directly. Unfortunately, the doctor does not have firsthand knowledge of what transpired. In all accounts it is not his fault. He was just selected to be the doctor for this patient. Initially, upon cross-examination, the doctor testified that the patient was not a substantial risk of physical harm due to his violent behavior. Upon redirect he changed his testimony indicating that there was a potential risk of physical harm due to violent behavior. The hospital has not met its burden. There is no indication as permitted that there has been any conduct on the ward that would give rise to a substantial risk of physical harm due to violent behavior or suicidal ideation or homicidal ideation. The hospital has not met its burden. Therefore, this Court is granting the application, but will stay is forty-eight hours for the hospital to make sure that he has a proper discharge plan.

MS. BECKER: Judge, if they have not met their burden and I understand that it is cold out, but twenty-four

3

*DECISION OF THE COURT*

hours is enough. He has a place to return to.

THE COURT: Is twenty-four hours enough?

THE WITNESS: Yes.

THE COURT: Based upon the doctor's testimony, I will make it twenty-four hours. I wanted to make sure we had a proper discharge plan. I didn't want him to go and get in a worse situation.

\*          \*          \*          \*          \*          \*

(Whereupon, at this time, the proceedings were concluded)

C E R T I F I C A T E

I do hereby certify that the foregoing taken at the time and place aforesaid, is a true and correct transcription of my shorthand notes.

VINCENT VITI
SENIOR COURT REPORTER

