

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CHRISTOPHER G. ARKO**
*Senior Counsel*
(212) 356-5044
(212) 356-3509 (fax)
carko@law.nyc.gov

November 30, 2018

**By ECF**
Hon. Gabriel W. Gorenstein
Chief United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Rafael Arden Jones, Sr. v. Miles Holman, et al.,
16 Civ. 556 (AJN)(GWG)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, attorney for defendants Miles Holman, Michael Holman, Evan Mele, Patrick Venetek, and Daniel Barreto. I write in response to plaintiff's submissions of November 27, 2018, Docket Entries 164 and 165.

Regarding Docket Entry 164, to the extent plaintiff contends that defendants have not produced their disciplinary records, he is incorrect. The Internal Affairs Bureau resumes, Central Personnel Indexes, and Civilian Complaint Review Board histories of Officers Daniel Barreto, Michael Holman, and Evan Mele were provided to plaintiff's deposition counsel for review on November 14, 2018 in advance of Officers Daniel Barreto and Michael Holman's depositions.[1] Officer Evan Mele is scheduled to be deposed December 11, 2018.

To the extent plaintiff seeks to compel discovery of "Administrative Grievences (*sic*) filed with Services for the Underserved," defendants intend to seek all documents Services for the Underserved ("SUS") possess relating to plaintiff for the period November 1, 2015 through June 30, 2016. Plaintiff has agreed to this request, and signed a HIPAA authorization permitting SUS to release these documents to defendants. Defendants will produce any documents received from SUS to plaintiff.

---

[1] Defendants did not receive a properly executed Stipulation and Order of Confidentiality from plaintiff to govern the use of these records until June 26, 2018, after Officers Miles Holman and Patrick Venetek had already been deposed.

To the extent plaintiff seeks "Housing Complaints" filed with the "Mayors (*sic*) Housing division," "Complaints filed with the Mayors (*sic*) email," "Complaints filed with our United states (*sic*) veterans (*sic*) Administrati (*sic*) agency," "Complaints filed with Governor Andrew Coumo's (*sic*) office," "Consumer Protection Bureau Complaint on Housing," and "Attorney general (*sic*) Office of the State of New York under Housing and Economy by Plainitff," this relief is unintelligible, in no way relevant, and should be denied.  The remainder of Docket Entry 163 is also unintelligible and to the extent it seeks any further relief, it should accordingly be denied.

Regarding Docket Entry 165, to the extent plaintiff asks this Court to stay an unrelated Bronx Housing Court proceeding, this request should be denied.  The remainder of Docket Entry 165 is unintelligible and to the extent it seeks any further relief, it should accordingly be denied.

I thank the Court for its time and consideration herein.

Respectfully submitted,

/s/

Christopher G. Arko
Senior Counsel

cc:     B. Aubrey Smith, Esq. (By ECF)
        *Limited pro bono deposition counsel for plaintiff*

        Rafael Arden Jones, Sr. (By Mail)
        *Plaintiff pro se*
        1765 Townsend Avenue
        Apt. 5H
        Bronx, NY 10453